

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH M. LUKAS<br><br>    Plaintiff,<br><br>v.<br><br>ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARES, an Illinois Non-profit Corporation, ADVOCATE HEALTH CARE NETWORK, an Illinois Non-profit Corporation, EHS HOME HEALTH CARE SERVICE, INC., d/b/a ADVOCATE AT HOME AND ADVOCATE HOME HEALTH CARE SERVICES, an Illinois Non-profit Corporation, ADVOCATE AURORA HEALTH, INC., a Non-profit Corporation, JULIE DAYLANTIS, an individual, BEVERLY STOB, an individual<br><br>    Defendants. | Case No.: 19cv5697<br>Judge: Charles R. Norgle<br>Magistrate Judge: Jeffrey T. Gilbert<br><br>**FILED**<br>AUG 2 3 2019 AM<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

    I, JUDITH M. LUKAS, state for my Complaint against ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARES, an Illinois Non-profit Corporation, ADVOCATE HEALTH CARE NETWORK, an Illinois Non-profit Corporation, EHS HOME HEALTH CARE SERVICE, INC., d/b/a ADVOCATE AT HOME AND ADVOCATE HOME HEALTH CARE SERVICES, an Illinois Non-profit Corporation, ADVOCATE AURORA HALTH, INC., a Non-profit Corporation, JULIE DAYLANTIS, an individual, BEVERLY STOB, an individual, collectively referred to as "Defendants," as follows:

### INTRODUCTION

    1.    This is an action for relief from Defendant's violations of Plaintiff's workplace rights. Defendants unlawfully retaliated against Plaintiff JUDITH M. LUKAS ("Plaintiff") for asserting her protected rights under the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act ("ERISA").

1

2. Plaintiff was an employee of Advocate from June 2008 until her termination August 23, 2017. Plaintiff worked as a registered nurse in the Defendant's Home Health Care. Plaintiff was a hard working reliable employee who dependably ensured patients were given excellent care while meeting all of her employer's requisite needs.

3. Plaintiff was the named Plaintiff in two class action lawsuits against her employer. One was an FLSA suit and the other was an ERISA suit.

4. Defendants offered the Plaintiff $25,000 to resign but the Plaintiff didn't accept the offer stating she didn't file the lawsuits to make money but to improve the working conditions for all of the employees.

5. Defendants took retaliatory actions against the Plaintiff and created a hostile work environment. This affected the Plaintiff's emotional, mental and physical health.

6. On August 23, 2017 Defendants wrongfully terminated the Plaintiff by a retaliatory discharge for the Plaintiff's protected activity.

## THE PARTIES

7. Plaintiff is a citizen of Illinois.

8. Defendant Advocate Health Care Network and Subsidiaries et al. ("Advocate") is a 501(c)(3) non-profit corporation organized under, and governed by, Illinois law. Advocate is headquartered in Downers Grove, Illinois.

9. Defendant JULIE DAYLANTIS is a citizen of Illinois.

10. Defendant BEVERLY STOB is a citizen of Illinois.

## JURISDICTION AND VENUE

11. Jurisdiction is invoked under 28 U.S.C. § 1331 because this case involves federal questions arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). And

this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this involves a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of the Employee Retirement Income Security Act ("ERISA").

12. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), in that Plaintiff lives in and performed her employment duties primarily within this District, Defendants ADVOCATE et al., ADVOCATE AURORA HALTH, INC., ("Advocate") systematically and continuously does business in this District, a substantial part of the events giving rise to the claims asserted herein occurred within this District, and most, if not all, of the relevant witnesses are located in this District.

## FACTS

14. JUDITH M. LUKAS was a named Plaintiff in a FLSA and Illinois Minimum Wage Act class action lawsuit alleging the class was wrongfully classified as exempt from overtime compensation. Case No. 1:14-cv-2740 Filed: 04/16/14. This lawsuit was settled in favor of the Plaintiffs in the amount of $4.75 million. Disbursements were made in July 2016.

15. JUDITH M. LUKAS was a named Plaintiff in an ERISA class action lawsuit alleging the class' pension plan was wrongfully classified as a "Church" plan and exempt from ERISA regulations. Case No. 1:14-cv-01873 Filed: 03/17/14. Advocate appealed the rulings and the case was heard by the Supreme Court of the United States on March 27, 2017. The Plaintiff was present for the proceedings. The case was ultimately settled by the parties in July 2018.

16. In the fall of 2015, Advocate offered Plaintiff JUDITH M. LUKAS $25,000 to resign. The offer was made through the Plaintiff's attorney. The Plaintiff declined the offer through said counsel.

17. Starting in early 2015, Defendant BEVERLY STOB became hostile to the Plaintiff in retaliation of Plaintiff's filing the two class action lawsuits. The Defendant treated the Plaintiff differently than other employees and held the Plaintiff to work standards that were different from other employees. The Defendant continued the harassment and subjected the Plaintiff to a hostile work environment affecting the Plaintiff's emotional, mental and physical health. The Defendants fired the Plaintiff on August 23, 2017. The Plaintiff's termination was a retaliatory discharge for the Plaintiff's filling of the two class action lawsuits.

**COUNT I – Retaliation in Violation of the Fair Labor Standards Act**

18. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

19. Defendants were employers as defined by 29 U.S.C. § 203(d).

20. Plaintiff was an employee as defined by 29 U.S.C. § 203(e)(1).

21. ADVOCATE was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 215(a)(3), for terminating Plaintiff's employment for engaging in protected activity under the FLSA.

**WHEREFORE** Plaintiff respectfully requests the entry of judgment in her favor and against Defendants as follows:

A. Awarding judgment for back pay;

B. Awarding judgment for future wages;

C. Awarding liquidated damages;

D. Awarding prejudgment interest;

E. Awarding damages for emotional distress and mental anguish;

F. Awarding punitive damages;

G. Awarding reasonable attorneys' fees and costs incurred in filing this action;

H. Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

I. All other relief this Court deems just and proper.

### COUNT II – Violation of the Illinois Minimum Wage Law

23. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

24. Defendants were employers as defined by 820 ILCS 105/3(c).

25. Plaintiff was an employee as defined by 820 ILCS 105/3(d).

26. This Count arises from Defendants' violations of the IMWL, 820 ILCS 105/11(c) for terminating Plaintiff's employment for engaging in protected activity under the FLSA.

**WHEREFORE** Plaintiff respectfully requests the entry of judgment in her favor and against Defendant as follows:

A. Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff;

B. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding statutory damages;

    D.     Awarding liquidated damages;

    E.     Awarding punitive damages;

    F.     Awarding reasonable attorneys' fees and costs incurred in filing this action;

    G.     Entering an injunction precluding Defendants from violating the IMWL, 820 Ill. Comp. Stat. 105/1 et seq.; and

    H.     All other relief this Court deems just and proper.

**COUNT III – Retaliation in Violation of the Employee Retirement Income Security Act**

27. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

28. Defendants were employers as defined by 29 U.S.C. § 203(d).

29. Plaintiff was an employee as defined by 29 U.S.C. § 203(e)(1).

30. ADVOCATE was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

31. This Count arises from Defendants' violations of the ERISA, 29 U.S.C. §§ 1001-1461, for terminating Plaintiff's employment for engaging in protected activity under the ERISA, 29 U.S.C. § 1140.

**WHEREFORE** Plaintiff respectfully requests the entry of judgment in her favor and against Defendants as follows:

    J.     Awarding judgment for back pay;

    K.     Awarding prejudgment interest;

    L.     Awarding reasonable attorneys' fees and costs incurred in filing this action;

    M.     Entering an injunction precluding Defendants from violating the Employee Retirement Income Security Act, 29 U.S.C. 29 U.S.C. §§ 1001-1461, et seq.; and

N.   All other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**Dated:** August 23, 2019

**JUDITH M. LUKAS**

2S020 Lexington Ct
Warrenville, IL 60555
630-815-8820
joodles2@gmail.com